UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROY VEAL, individually and on behalf of those similarly situated,**

                **Plaintiffs,**

vs.                                **Case No. 8:04-cv-323-T-27MSS**

**CROWN AUTO DEALERSHIPS, INC.,**

                **Defendant.**
_____/

**ORDER**

      **THIS CAUSE** comes on for consideration upon the filing of Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery (Dkt. 153), Defendant's Status Report to Court Regarding Overholt Deposition and Opposition to Plaintiff's Motion for Leave to Conduct Expedited Discovery (Dkt. 154), and Plaintiff's Response to Defendant's Status Report (Dkt. 156) and Plaintiff's Notice of Filing in Support of Response to Status Report (Dkt. 157).

      On August 26, 2005, Plaintiff filed the present Motion requesting that he be permitted to take eight depositions prior to the Court's scheduled September 12, 2005, hearing regarding Defendant's Motion to Re-open Class Certification Discovery Deadline. Defendant filed its response on August 30, 2005. Defendant objects to the taking of two of the requested depositions, an attorney for Defendant and a representative of the law firm. Otherwise, Defendant only objects to the remaining depositions to the extent that the depositions are taken prior to the deposition of Duane Overholt ("Overholt").

      On August 23, 2005, this Court issued an Order with respect to Plaintiff's Emergency

Motion for Protective Order to Prevent Rogue Deposition. Plaintiff sought protection from the deposition of Overholt proceeding on August 26, 2005, as the date was not cleared with Plaintiff's counsel. Defendant had previously served a subpoena duces tecum on Overholt scheduling his deposition for September 19, 2005, but then served an Amended Notice re-scheduling the deposition to August 26, 2005. The Court granted Plaintiff's request for a protective order inasmuch as the Court ordered the deposition would not proceed on August 26, 2005. (Dkt. 152). The Court stated that "the deposition of Duane Overholt may be taken at an agreed upon place and time within fourteen (14) days of the date of this Order." The Court also set a hearing for September 12, 2005, and ordered that Overholt and his attorney shall be present at the hearing. The Court understood from the parties pleadings that Overholt had previously been represented by Michael Addison, a local attorney.

According to the recent filings, counsel for Plaintiff, Defendant and Overholt held a telephone conference in an effort to schedule the deposition of Overholt and address objections to the issued subpoena. However, the parties did not reach an agreement, and, on August 30, 2005, Overholt's current attorney, who resides in Maryland, filed a Motion to Quash or Modify the Subpoena Duces Tecum in the United States District Court for the Southern District of Maryland. The Motion describes Overholt's lengthy efforts to collect documents as requested by the subpoena thus far. Accordingly, no date has been set for the deposition of Overholt. Defendant seeks clarification of the Court's order in light of these events.

Upon consideration, the Court rules as follows:

(1)     The Court's August 23, 2005, Order with respect to any requirement that Overholt be deposed on or before September 6, 2005, is vacated as impractical in light of the Motion to Quash

pending in the District Court for the Southern District of Maryland;

(2)   The Court vacates its August 23, 2005, Order with respect to the mandate that Overholt and his attorney appear at the September 12, 2005, hearing since the Court has been advised that Overholt is currently represented by an attorney in Maryland.  Should Overholt and his attorney wish to appear at the hearing, they may do so.  To the extent that the outcome of the hearing may impact Overholt (ie. by setting the permissible scope of the discovery, the permissible length of or setting of any additional deposition of him or the use to which any deposition(s) may be put in this case) he may choose not to appear at his peril.  Should he wish to appear telephonically, he should make an appropriate request to the Court.  To be sure, the technical aspects of the subpoena and the proper service of this out of area third party subpoena or issues involving Overholt's attorney-client privilege are within the jurisdiction of the Court in which he resides.  However, to the extent that he or anyone acting in concert with him have been accused of activities that may adversely affect the quality of justice in this jurisdiction, that matter and the scope of discovery relevant to resolving it lies within the jurisdiction of this Court and will be addressed at the September 12, 2005, hearing;

(3)   Plaintiff's request to take depositions is **DENIED** to the extent that he seeks to take the depositions prior to the scheduled September 12, 2005, hearing.  The Court will address

Plaintiff's request to take additional depositions and Defendant's objections thereto along with the other pending issues at the September 12, 2005, hearing.

**DONE AND ORDERED** in Tampa, Florida on this 2nd day of September, 2005.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record

George W. Shadoan
counsel for Duane Overholt
108 Park Avenue
Rockville, MD 20850