# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ROY VEAL, individually and on behalf
of all others similarly situated,

        Plaintiffs,

vs.                              **Case No. 8:04-CV-323-T-27MSS**

CROWN AUTO DEALERSHIPS, INC.,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's Fourth Amended

Class Action Complaint Pursuant to Rule 12(b)(1) and 12(b)(6) (Dkt. 139) and Plaintiff's Response

(Dkt. 145). Oral argument is not necessary to resolve Defendant's motion. Upon consideration,

Defendant's motion is DENIED.[1]

Plaintiff filed this putative class action seeking compensatory and statutory damages in

connection with the sale of an automotive product known as TracGuard by eleven automobile

dealerships owned and operated by Defendant Crown Auto Dealership, Inc. According to Plaintiff,

Defendant failed to adequately disclose the cost of an insurance product called "Etch", which was

included as part of Defendant's TracGuard protection.[2] The "Etch" product claims to provide a "5

---

[1] To the extent Defendant purports to rely on deposition testimony in support of its arguments, that reliance is misplaced as the court cannot consider matters outside the four corners of the complaint.

[2] Defendant contends the Etch product is a warranty and is not insurance. Plaintiff argues the product is insurance, but also brings claims for violation of Florida's Warranty Association Act. (Dkt. 134, p. 18-19).

1

year New/Used Anti-Theft $5,000 & $1,000 Benefit Recovery Guarantee."[3] (Dkt. 134, ¶ 10).

Plaintiff claims Defendant routinely failed to make adequate disclosures concerning the sale of the

Etch product, including accurate disclosures of the amount financed, finance charges, and annual

percentage rates in its standard form retail installment sales contract.  (Dkt. 134, ¶ 7).   Plaintiff

alleges the TracGuard Registration Form was misleading because it failed to specify the premium

paid for the Etch insurance and failed to name the insurer providing coverage.  Plaintiff alleges that

the Etch product provided little to no benefit to customers and that Defendant engaged in deceptive

and unfair business practices in order to profit from the sale of Etch insurance. (Dkt. 134, ¶¶ 17, 18).

Plaintiff's Fourth Amended Complaint purports to set forth claims for (1) violation of the

Truth in Lending Act ("TILA") (Count I), (2) violation of the Florida Motor Vehicle Retail Sales

Finance Act (Count II), (3) violation of Florida's Deceptive and Unfair Trade Practices Act

("FDUTPA") (Count III); (4) unjust enrichment (Count IV); (5) violation of Florida's Warranty

Association Act (Count V); and (6) restitution (Count VI). Defendant moves to dismiss all six

counts.

## APPLICABLE STANDARD

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted); *accord South Florida Water Management*

*Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996).  The court will accept as true all well-pleaded

---

[3] Plaintiff alleges that TracGuard also included other claimed protections such as "Multigrade Polymer Paint Protector New/Used Vehicle 5-Year Guarantee", "Fabric Protector New/Used Vehicle 5-Year Guarantee", "Leather/Vinyl Protector New/Used Vehicle 50Year Guarantee" and "5-Year New/Used Vehicle Tire and Wheel Guarantee". (Dkt. 134, ¶ 10).

factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. of Educ. v Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

In resolving a motion to dismiss, the court may consider any documents attached to the complaint as an exhibit. *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

## DISCUSSION

### 1.    Amendment to Florida Statute § 634.271

Defendant contends that § 634.271, Fla. Stat. was amended "to specifically eliminate lawsuits brought by consumers against automobile dealerships in connection with the sale of vehicle protection products." (Dkt. 139, p. 8). The plain language of the statute negates Defendant's contention.

Section 634.271, in relevant part, provides:

> The penalty provisions of ss. 520.12 and 521.006 as well as the statutory penalty in subsection (1), do not apply to any violation of this part or chapters 520 and 521 relating to or in connection with the sale or failure to disclose in a retail installment contract or lease, prior to April 23, 2002, of a vehicle protection product, or contract or agreement that provides for payment of vehicle protection expenses, as defined in section 634.011(7)(b)(1), so long as the sales of such product, contract, or agreement was otherwise disclosed to the consumer in writing at the time of the purchase or lease . . .

3

> This act shall take effect upon becoming a law and the provisions of this act amending section 634.271, Florida Statutes, apply retroactively to January 1, 1998.

FLA. STAT. § 634.271.[4]

Based on the plain language of the statute, § 634.271(5) does not eliminate Plaintiff's causes of action. Rather, the statute merely eliminates recovery of statutory penalties for violations of Chapters 520 and 521 if the sale of a vehicle protection product or agreement for payment of vehicle protection expenses is "disclosed to the consumer in writing at the time of the purchase or lease." Section 634.271 provides that "in the event of a violation for which such statutory penalties do not apply, the court shall award actual damages and costs, including reasonable attorney's fees." FLA. STAT. § 634.271(5). This clearly evidences an intent to preserve a cause of action, rather than eliminate all causes of action as Defendant urges. It is unnecessary, therefore, to address the constitutionality of the statute.

Contrary to Defendant's assertion, the Legislature's amendment to § 634.271 does not bar Plaintiff from recovering under Chapter 520.[5]  Neither does it bar Plaintiff from bringing a claim under TILA, FDUPTA, or for unjust enrichment or restitution.[6] Dismissal is therefore inappropriate.

_____

[4] The term "vehicle protection products" is defined as "a product or system installed or applied to a motor vehicle or designed to prevent the theft of the motor vehicle or assist in the recovery of the stolen motor vehicle." "Vehicle protection expenses means a preestablished flat amount payable for the loss of or damage to a vehicle or expenses incurred by the service agreement holder for loss or damage to a covered vehicle . . ." FLA. STAT. § 634.261. Plaintiff does not dispute that this case involves a vehicle protection product or sale of vehicle protection expenses.

[5] Defendant has not moved to strike Plaintiff's claim for statutory penalties. Accordingly, it is not necessary to determine whether Defendant adequately disclosed the sale of the vehicle protection product in writing as required by § 634.271(5)

[6] Defendant incorrectly contends that as a result of § 634.271, this Court lacks subject matter jurisdiction because the amendment to § 634.271 "make[s] clear the legislature's intent to eliminate [Plaintiff's] causes of action in this case". (Dkt. 139, p. 13).

4

### 2.    Standing

Defendant contends Plaintiff lacks standing under Article III of the United States Constitution because he has not "been damaged by any action of Crown." (Dkt. 139, p. 13). According to Defendant, Plaintiff has not been harmed because he never filed a warranty claim and never had a warranty claim denied.

In order to establish Article III standing, a plaintiff must demonstrate: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury is likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Plaintiff alleges he suffered harm because Defendant engaged in deceptive trade practices and failed to adequately disclose and itemize the sale of a warranty or insurance product. Accordingly, Plaintiff has alleged an injury in fact, namely, that he was deceived into purchasing a product. Plaintiff also sufficiently alleges a causal connection between the injury and the conduct complained of, as he alleges that Defendant's alleged statutory violations and deceptive practices caused him to pay for a product that he was not aware of or adequately informed of. These allegations sufficiently establish a justiciable case or controversy. Accordingly, Defendant's motion to dismiss for lack of standing is denied.

### 3.    Count I - TILA Violation

Defendant contends dismissal of Plaintiff's TILA claim is appropriate because it is barred by the statute of limitations. Alternatively, Defendant contends Plaintiff fails to state a cause of action under TILA.

Pursuant to 15 U.S.C. § 1640(e), a TILA claim must be brought within twelve months from the date of the alleged violation. Plaintiff purchased his automobile from Crown on September 20, 2001. (Dkt. 134, ¶ 20). This action was filed in state court in January 2004, approximately two years after the purchase of his Honda automobile from Defendant's dealership. (Dkt. 1, p. 1). The claim is therefore time barred unless subject to equitable tolling.

The statute of limitations applicable to TILA claims is subject to equitable tolling where the consumer's cause of action was fraudulently concealed. *See Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 708 (11th Cir. 1998). Here, Plaintiff alleges that Defendant's TracGuard disclosures fail to specify the premium paid for the Etch insurance policy and that Defendant failed to disclose the amount financed in its standard retail installment sales contracts. Plaintiff alleges that Defendant included the cost of Etch Insurance in the amount financed instead of the finance charge, without providing the necessary disclosures pursuant to 15 U.S.C. § 1605(c) and Regulation Z, 226.4(d)(2). It can be reasonably inferred from Plaintiff's allegations that because of the alleged inadequate disclosures, he was not aware of his TILA cause of action within one year of the purchase of his vehicle. Plaintiff has accordingly alleged sufficient facts which may support equitable tolling of the limitations period. At this stage of the proceedings, dismissal of Plaintiff's TILA claim as untimely is inappropriate.

Defendant also contends that Plaintiff fails to set forth factual allegations establishing one of the enumerated violations authorizing recovery of statutory damages under TILA. In the Fourth Amended Complaint, Plaintiff seeks "statutory damages only for themselves and Class Members pursuant to § 1640(a)(2)(B)." (Dkt. 134, ¶ 52). Section 1640(a)(2)(B) sets forth recoverable damages for class actions. Plaintiff alleges that Defendant failed to clearly and conspicuously disclose in

writing the amount financed, finance charges and APR.  Plaintiff also alleges the failure to disclose the back-end products in the finance charges. (Dkt. 134, ¶ 51).  Plaintiff has sufficiently alleged violations of TILA and seeks class action damages authorized by and pursuant to § 1640(a)(2)(B). Accordingly, Defendant's motion to dismiss Count I is denied.

### 4.    Count II - Florida Motor Vehicle Retail Sales Finance Act Violation

Defendant seeks dismissal of Count II, arguing that the Etch product is not insurance and therefore not subject to the Act's itemization requirement of "insurance and other benefits."  The court disagrees. Defendant's reliance on an opinion letter of Florida's Insurance Commissioner in response to an individual consumer complaint does not establish as a matter of law that Plaintiff can prove no set of facts that would entitle him to relief under the Motor Vehicle Retail Sales Finance Act.  *See e.g. Linfanda v. Elmhurst Dodge, Inc.*, 237 F.3d 803 (7th Cir. 2001)  (analyzing auto theft registration protection as insurance and concluding disclosures violated TILA). Moreover, contrary to Defendant's assertion, Plaintiff has alleged inadequate disclosure in violation of § 520.07. (Dkt. 134, ¶ 58). The adequacy of that disclosure is more properly presented in a dispositive motion.

Finally, Defendant's argument concerning Plaintiff's inability to prove that Defendant's disclosure was willful is premature and better suited for a motion for summary judgment.  Plaintiff has stated a claim for violation of the Florida Motor Vehicle Retail Sales Finance Act and dismissal is inappropriate.

### 5.    Count III - Florida's Unfair and Deceptive Trade Practices Act

Defendant contends Plaintiff has not sufficiently pled a cause of action pursuant to FDUPTA because Plaintiff fails to allege he was aggrieved by the alleged deceptive act. "[I]n order for the consumer to be entitled to any relief under FDUPTA, the consumer must not only plead and prove

7

that the conduct complained of was unfair and deceptive but the consumer must also plead and prove that he or she was aggrieved by the unfair and deceptive act." *Macias v. HBC of Florida, Inc.*, 694 So. 2d 88, 90 (Fla. 3d DCA 1997).

Plaintiff has sufficiently pled that Defendant engaged in deceptive practices by failing to disclose the Etch insurance as part of the TracGuard package and by selling a product that had little to no value or benefit. (Dkt. 134, ¶¶ 11-19, 67, 68). Plaintiff has alleged deceptive acts independent of the alleged TILA violations. For example, Plaintiff alleges that the "Etch product . . . provides little to no benefit to its customers" and that Defendant "knew or had reason to believe that Voyager Insurance Company [ ] a Fort Worth, TX business, was not licensed to sell insurance in Florida, and actually was a front insurance company for Pro-Tech – neither collecting premiums nor paying claims." Plaintiff alleges that "no Crown customer was ever listed as an 'insured' on any legitimate policy issued as part of the TracGuard package and, as a result, customers were forced to rely on the good faith of a remote, non-disclosed Jacksonville company (Pro-Tech)." (Dkt. 134, ¶ 18).

It can be reasonably inferred from Plaintiff's allegations that Plaintiff was aggrieved by Defendant's alleged unfair trade practices. Accordingly, Plaintiff has sufficiently stated a claim pursuant to FDUPTA.

### 6.    Count IV - Unjust Enrichment

Defendant contends Plaintiff fails to state a cause of action for unjust enrichment because Plaintiff fails "to include the necessary element of retention of the benefit, i.e. Etch, by Crown, as opposed to TerryCo, Pro Tec or the other entities mentioned therein." (Dkt. 139, p. 18). Under Florida law, the elements of a cause of action for unjust enrichment are: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the

8

defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value. *Media Services Group, Inc. v. Bay Cities*, 237 F.3d 1326, 1330-31 (11th Cir. 2001) (citations omitted).

Here, Plaintiff has alleged that Plaintiff "paid money to [Defendant] for Etch Insurance" and "[Defendant] has received income to which it should have no legal right and was thereby enriched at the Plaintiff's expense." (Dkt. 134, ¶ 72). These allegations, along with the factual allegations incorporated into Count IV by reference, support a cause of action for unjust enrichment. Accordingly, Defendant's motion to dismiss Count IV is denied.

### 7.   Count VI - Restitution

Defendant seeks dismissal of Plaintiff's restitution claim, arguing it is an equitable remedy and not a separate cause of action. Defendant contends Plaintiff's claim should be dismissed for failure to plead that Plaintiff has no adequate remedy at law. In response, Plaintiff clarifies that it has pled restitution as a remedy because the contract he entered into with Defendant was against public policy and illegal. In Count VI, Plaintiff alleges that Defendant violated Florida's public policy that protects consumers from unlawful acts and therefore Plaintiff's contract is void *ab initio* and unenforceable under Florida law. (Dkt. 134, ¶¶ 87-91). Plaintiff alleges that Defendant is therefore, required to disgorge and make full restitution to the Plaintiff. (Dkt. 134, ¶ 97).

It can be reasonably inferred by Plaintiff's allegations in Count VI that if the contract is unenforceable, Plaintiff has no adequate remedy at law. This Court finds Plaintiff's failure to expressly plead that he has no adequate remedy at law not fatal to his restitution claim. Defendant's motion to dismiss Count VI, therefore, is denied. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Fourth

Amended Class Action Complaint Pursuant to Rule 12(b)(1) and 12(b)(6) (Dkt. 139) is DENIED.

**DONE AND ORDERED** in chambers this 21st day of February, 2006.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

10