UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY VEAL, individually and on
behalf of all those similarly situated,

CLASS REPRESENTATION

Plaintiff,

vs.

Case No.: 8-04-CV-0323-T-27-MSS

CROWN AUTO DEALERSHIPS, INC.

Defendant.
_____/

FINAL ORDER APPROVING SETTLEMENT AGREEMENT
AND CERTIFYING SETTLEMENT CLASS

This cause came before the Court on the Parties' Joint Motion for Settlement Class Certification and Final Approval of Settlement Agreement. The Court conducted a fairness hearing on September 7, 2007.

**Procedural Background**

The Named Plaintiff filed the above-captioned litigation alleging that Crown Auto Dealership, Inc. ("Crown") engaged in practices with regard to its sale of a product called Trac Guard that violate, among other things, the Truth in Lending Act, the Florida Motor Vehicle Financing Act, the Florida Deceptive and Unfair Trade Practices Act, and the Florida Warranty Act. Crown has vigorously denied all liability in the Litigation. After several years of litigation, the parties entered into a settlement agreement to resolve this matter on a classwide basis on April 13, 2007, [Dkt. # 296-2] ("Settlement Agreement").[1] The parties thereupon filed their Joint Motion for

---

[1] The Court notes that the defined terms and definitions of the Settlement Agreement are incorporated herein by reference.

Preliminary Approval of Settlement Agreement. The Court granted that Motion on June 12, 2007 [Dkt. # 303].

Pursuant to the Settlement Agreement and Preliminary Approval Order, a class list was compiled from a file review at the Defendant's dealership.[2] Following that review, a total of 1,471 class members were identified. Given the complexities of the class definition as contained in the Complaint, the parties divided the Settlement Class Members into three groups, which are defined as follows:

   a. Group # 1: This Group consists of those Class Members identified specifically in Exhibit G attached to the Settlement Agreement. Plaintiff alleges these Class Members did not receive sufficient disclosure of Trac Guard and its price on their retail installment sales contract or other transactional documents.

   b. Group # 2: This Group consists of all Class Members not in Group #1 or Group #3, and has been specifically identified in Exhibit H to the Settlement Agreement. The parties agree that these Class Members' transaction documents adequately disclose both Trac Guard and its price. Group #2 specifically includes (i) Class Members who leased a vehicle from Crown and (ii) Class Members whose transaction documents cannot be located.

   c. Group # 3: This Group consists of those Class Members identified specifically in Exhibit I attached to the Settlement Agreement. These Class Members' buyer's orders disclose both Trac Guard and its price to such an extent that they are not part of Group #1. Since their Buyer's Orders refer to both Trac Guard and LOJACK, however, without circling Trac Guard as the product they purchased and received, they are not part of Group #2.

The Settlement Agreement provides for payment to the Settlement Class Members in Group 1 of the amount of a refund of each Group 1 Settlement Class Member's purchase price for Trac Guard. To the extent the amount a Group 1 Settlement Class Member paid for Trac Guard cannot be determined from the existing transaction documents, that Settlement Class Member receives a payment of $500.00.

---

[2] The relevant class period of time is September 4, 1999 through the date of the execution of the parties' Settlement Agreement.

The Settlement Agreement further provides for payment to Group 3 Settlement Class Members of $175.00 in cash and a $100.00 face value certificate for purchase of any goods or service offered at any of the Crown Auto Dealership, Inc. dealerships. It also provides for relief to Group 2 Settlement Class Members in the amount of a $125.00 direct cash refund and $100 face value certificate for purchase of any goods or services at any of the Crown Auto Dealership, Inc. dealerships – even though the parties agree that these Settlement Class Members received disclosure of Trac Guard and its price in the transaction documents.

In addition, Crown has assigned all of its rights to pursue the third parties who also profited from the sale of Trac Guard by Crown. *See* Plaintiff's Motion For Leave of Court To File Third Party Complaint, [Dkt. # 297]; Order Granting Motion, [Dkt. # 314].

The Settlement Agreement further provides for substantial non-monetary relief, including an agreement to honor the underlying coverages of the Trac Guard product to the extent it is still in effect, and to make changes in the way Crown sells and discloses products like a vehicle theft protection product.

### Settlement Class Members' Claims

The Class Administrator was able to directly mail the notice to 1,471 Settlement Class Members, with only 334 notices being returned and re-mailed to new addresses. *See* Affidavit of AB Data dated September 4, 2007. The maximum total payment to be made to Groups 1-3 claimants will be $215,000 in cash refunds and $141,000 in certificates.[3] The Court hereby orders Crown to make payment to class members and issue the certificates in accordance with the terms of the Settlement Agreement.

---

[3] The Settlement Agreement provides that settlement amounts not redeemed by Class Members shall be donated in equal amounts to Moffitt Cancer Center, the Pediatric Cancer Foundation, the Florida Bar Foundation, and the Pinellas Education Foundation in the name of Crown. To the extent there are settlement amounts not redeemed, the Court orders that amount to be donated to the above-mentioned charities in accordance with the terms of the Settlement Agreement.

## Fairness of the Settlement

The Court finds that the settlement is fair, adequate and reasonable. It satisfies the Eleventh Circuit's standard of being "fair, reasonable and adequate" and not the product of collusion between the parties. See Strube v. American Equity Investment Life Ins. Co., 158 Fed. Appx. 198, 2005 WL 3160265 (11th Cir. Nov. 29, 2005) (citing Piambino v. Bailey, 757 F.2d 1112 (11th Cir. 1985); Diaz v. Hillsborough County Hosp. Auth., 2000 WL 1682918 (M.D. Fla. Aug. 7, 2000).

The Court must examine the following factors in determining whether to approve a settlement of a class action:

1. the terms of the settlement compared to the likely rewards the class would have received following a successful trial of the case;
2. the complexity, expense, and duration of the litigation;
3. the judgment of experienced counsel for the parties;
4. the stage of the proceeding at which the settlement was achieved; and
5. the substance and amount of opposition to the settlement.

Cotton v. Hinton, 559 F.2d 1326, 1330-32 (5th Cir. 1977); Diaz, 2000 WL 1682918 * 2. In addition, the Court is to consider the general policy that "[p]articularly in class action suits, there is an overriding public interest in favor of settlement." Cotton, 559 F.2d at 1331.

**Likelihood of success at trial compared to the Settlement Agreement.** There would be substantial risks and uncertainties for all parties if the case were to go to trial. Crown would have vigorously defended the action, and the Settlement Class Members faced a very real risk of not prevailing at all with regard to the merits. In contrast, under the Settlement, the claimants will receive meaningful monetary awards. In addition, the claimants along with other consumers will

benefit from the changes in business practices that Crown has implemented. The Settlement pays Settlement Class Members who did not receive sufficient disclosure of Trac Guard and its price on their transactional documents a full refund of what they paid for the product. It pays $175.00 in cash and $100.00 in a face value certificate to Settlement Class Members whose buyer's orders disclose Trac Guard and its price but refer to both Trac Guard and LOJACK without circling and identifying Trac Guard as the product they purchased. It also pays Settlement Class Members whose transaction documents disclosed the existence and price of Trac Guard $125.00 in cash and a $100.00 in a face value certificate.

**Complexity, expense and duration of litigation.** The litigation in this case was complex and hard-fought. For all parties concerned, settlement is a desirable alternative.

**Judgment of counsel.** The former Fifth Circuit in Cotton stated that, in the "absen[ce] of fraud, collusion or the like," the court is "entitled to rely upon the judgment of experienced counsel for the parties" and "should be hesitant to substitute its own judgment for that of counsel." 559 F.2d at 1330. The judgment of experienced counsel for both parties is that the settlement should be approved. The opinions of counsel support the Court's finding that the settlement is fair and reasonable.

**Stage of the proceeding.** The proceedings to date provide an adequate basis for an informed settlement. The litigation between the parties stretched over five (5) years, with an appeal of this Court's class certification order and litigation over collateral matters. There were a number of documents exchanged, several depositions, an appeal, and multiple mediations. By approving the Settlement, the parties and the Court will be spared the massive amount of work yet to be done to resolve the litigation – including the merits of the dispute.

**Lack of opposition.** The Court preliminarily approved the settlement and no intervening events have occurred that would cause the Court to reconsider that preliminary approval. No Settlement Class Members elected to opt out of the Settlement. Class member Sharon L. McLain appeared at the Fairness Hearing. To the extent that she raised objections, her objections were overruled and she decided to remain a class member.

**Other factors – arms length negotiations.** The settlement is the result of lengthy, hard-fought adversarial, arms-length negotiations. The Parties settled only after engaging in vigorous and comprehensive litigation, which was hotly contested, as well as vigorous negotiations. The Court finds that the settlement was negotiated without collusion.

### The Notice Procedures Exceeded the Requirements of Due Process and Rule 23

Rule 23(c)(2) requires "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Constitutional due process requirements establish, at a minimum, that individual notice be provided to class members, such as by first class mail to their last known addresses. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); In re Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088 (5th Cir. 1977). The content of the notice must adequately inform class members of the right to opt out of the settlement and the result of foregoing this right. Penson v. Terminal Transport Co., 634 F.2d 989, 993 (5th Cir. 1981); Diaz, 2000 WL 1682918 * 6.

The Court finds that the notice that the Court preliminarily approved and the Class Administrator sent out was fair. It described the nature of the litigation and the classes in simple-to-understand language. The Settlement did not require Settlement Class Members to make claims to receive a settlement award. The notice procedures implemented in this case more than adequately satisfy Rule 23 and due process standards.

As further evidence of the fairness of the Settlement Agreement, out of the Settlement Class Members identified, no Settlement Class Members chose to exclude themselves from the Settlement Agreement and there was one (1) objection to the Settlement Agreement, which has been addressed by the Court.

## Settlement Class Certification

The Court concludes that the requirements of Rule 23 have been satisfied for the reasons set forth in the Order of Preliminary Approval of Settlement Agreement, which the Court adopts by reference.

## Class Representative Fee

The Settlement Agreement also has a provision for a class representative fee for the time and effort of the Named Plaintiff in this case. The Court approves payment of the class representative fee to the Named Plaintiff.

## Attorneys' Fees and Costs

The Settlement Agreement also provides for recovery of attorneys' fees and costs to be awarded by the Court. The Class Settlement was bifurcated to address and finalize the terms of the Class recovery, prior to negotiating and resolving fees and costs. After the Court preliminarily approved the class settlement, the parties participated in mediation with Magistrate Judge Scriven. That mediation lead to a settlement of the issues related to reasonable attorneys' fees and costs, [Dkt. # 316], and the Plaintiff filed an unopposed motion for award of attorneys' fees and costs dated July 30, 2007, [Dkt. # 317]. In support of his Motion, the Plaintiff filed affidavits of all counsel, [Dkt. # 317:1-6], and an expert affidavit as to the reasonableness of the fees, [Dkt. # 317-8].

Plaintiff seeks approval of an award of $825,000.00 in attorney's fees and costs.[4]

The Court has considered the submissions and the reasonableness of the fees and costs requested in light of the factors set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), and the other federal cases cited in Plaintiff's Motion. Several of the class claims are governed by state law; the Florida courts have adopted the same basic factors as in Hensley for resolution of attorneys' fee awards. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990).[5]

After careful consideration and review of Plaintiff's motion and supporting materials, as well as the relevant legal authorities and governing framework, the Court approves an award of attorneys' fees and costs to the Plaintiff's Counsel in the amount of $825,000.00.

## Conclusion

A careful and thorough analysis reveals that all relevant factors strongly favor approval of the Settlement that was the product of arms' length negotiations of the Parties. Settlement Class members received the best practicable notice of the Settlement. No opt-outs were filed and the Court addressed the one objection at the fairness hearing. Accordingly, the Court finds the Settlement is a fair, adequate and reasonable settlement of this matter. The Court also finds that the implementation of the terms of the Settlement Agreement – including, but not limited to, the terms

---

[4] The Settlement Agreement provides that Crown will not oppose an application for attorneys' fees and costs that do not exceed $825,000.00. Crown has agreed to make payment directly to the class administrator, AB Data, in the amount of $18,000, which presently remains owed by Plaintiff for the document review conducted by them in the class certification phase of the case. This amount will be reduced from the total requested award of $825,000, making the net paid to Plaintiff by Crown $807,000.00. Pursuant to the Settlement Agreement, in no event shall Crown be liable for attorneys' fees or costs exceeding those amounts.

[5] Fee awards are substantive, not procedural, and a federal court must apply the law of the jurisdiction associated with the claim. Zunde v. International Paper Co., 2000 WL 1763843, *1 (M.D. Fla. July 20, 2000). Federal law would apply to plaintiff's attorney fee claim until TILA. But as to his attorney fee claim under Chapters 520 and 634, Florida Statutes, the substantive law of Florida, which provides for multipliers in contingent fee cases, must be applied.

concerning the appointment of Class Representative and Class Counsel, Class Notice, requests for exclusion from the Settlement Class, and objections to the Settlement – satisfy the due process rights of all absent Settlement Class Members, including those who reside outside the forum. Pursuant to the terms of the Parties' Settlement Agreement, the names and address of Crown's customers and other confidential personal and business information used or disclosed in the course of this settlement or class administration shall remain confidential.

The Court therefore ORDERS the Settlement Class certified and the proposed Settlement approved. Each member of the Settlement Class shall be bound to this Settlement, the Settlement Agreement, and the Exhibits attached thereto. All Settlement Class Members' claims against Crown are dismissed on the merits and with prejudice, subject to the terms of the Settlement Agreement. Accordingly, the Court hereby directs the Clerk to enter FINAL JUDGMENT. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order.

**DONE AND ORDERED** this 12th day of September, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies furnished to:
All Counsel of Record