UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROY VEAL, individually and on behalf of all others similarly situated,**

**Plaintiffs,**

vs.                                                              Case No. 8:04-CV-323-T-27MSS

**VOYAGER PROPERTY AND CASUALTY INSURANCE COMPANY, et al.,**

**Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Third Party Defendants Voyager Property and Casualty Insurance Company and Voyager Service Programs, Inc.'s Dispositive Motion to Dismiss First Amended Third Party Complaint (Dkt. 352), Third Party Plaintiff's Memorandum in Opposition (Dkt. 356), Third Party Defendant Pro-Tec Dealer Services, Inc.'s Motion to Dismiss First Amended Third Party Complaint and Alternative Motion to Strike (Dkt. 354), and Third Party Plaintiff's Memorandum in Opposition (Dkt. 357). Upon consideration, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, the First Amended Third Party Complaint is DISMISSED without prejudice.

### Introduction

In the First Amended Third Party Complaint, Plaintiff, on behalf of a previously certified class, brings claims for indemnification against Voyager Property and Casualty Insurance Company, Voyager Service Programs, Inc. (the "Voyager Defendants") and Pro-Tec Dealer Services, Inc.

1

("Pro-Tec") (collectively the "Third Party Defendants"). Plaintiff's claims arise from an assignment from Crown Auto Dealerships, Inc. ("Crown") incident to a settlement of the underlying class action against Crown. In January 2004, the class commenced an action against Crown alleging deceptive practices in the promotion and sale of an anti-theft etching product known as Trac Guard. On February 20, 2004, the action was removed to federal court and on March 30, 2006, this Court certified the class. On April 13, 2007, the class and Crown entered into a settlement agreement. Section X.A of the Settlement Agreement provides:

> The Settlement Class shall receive a full assignment of all rights to indemnification by Crown against the following companies, including parents, affiliates, and subsidiaries, as it relates to the sale of Trac Guard product: Pro Tech Dealer Services, Inc., Voyager Group, Inc., Voyager Service Programs, Inc., Voyager Property & Casualty Insurance Company, Voyager Service Warranties, Inc. and Voyager Insurance Company.

(Dkt. 296-2, p. 16).

On September 13, 2007, the Settlement Agreement was approved by the Court (Dkt. 326) and on September 14, 2007, final judgment was entered (Dkt. 327). The First Amended Third-Party Complaint was filed on October 30, 2007. (Dkt. 347).

The essence of Plaintiff's claims against the Third Party Defendants is that they jointly schemed to misrepresent to Crown that Voyager was extending insurance coverage to Crown's customers who purchased the Trac Guard device. According to Plaintiff, Voyager was acting as an illegal "fronting" company under the Trac Guard warranty and there was no insurance, thereby exposing Crown to damages resulting from the class action lawsuit, including payments to the class, court costs, interest and attorneys' fees. Plaintiff alleges the following four claims for relief, each purportedly stating a claim for indemnification: indemnification for unfair and deceptive trade

practices (Count I); indemnification for unjust enrichment (Count II); indemnification for alleged violations of Chapter 634, Florida Statutes (Count III); indemnification for restitution (Count IV).

The Third Party Defendants move to dismiss the First Amended Third Party Complaint for lack of subject matter jurisdiction. (Dkts. 352, 354). Alternatively, the Voyager Defendants contend the Third Party Complaint should be dismissed because it fails to state a valid claim for common law indemnity and because Plaintiff failed to comply with the notice requirements imposed by Fla. Stat., § 634.433. Pro-Tec argues dismissal is appropriate because the Third Party Complaint was untimely under Local Rule 4.03 and the Case Management Report. Pro-Tec alternatively argues Plaintiff improperly pled his single claim for indemnification as four separate claims and that Chapter 634 of the Florida Statutes is not applicable to Pro-Tec. Pro-Tec also moves to strike Plaintiff's request for attorney's fees. (Dkt. 354). Because this Court declines to exercise supplemental jurisdiction over Plaintiff's state law third party claims, it will not address Third Party Defendants' alternative grounds for dismissal.

## Jurisdiction

It is undisputed that pursuant to 28 U.S.C. § 1331 this Court had original jurisdiction over Plaintiff's federal claims alleged in the Fourth Amended Class Complaint.[1] Jurisdiction over Plaintiff's third party claims for indemnification is governed by the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[2] In relevant part, §1367 provides,

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

[2] It is undisputed that diversity jurisdiction is not present.

3

to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. §1367(a).

A district court has the discretion to decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).

"Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) (citing *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1563 (11th Cir. 1994)). The district court should also weigh the following factors when determining whether to decline supplemental jurisdiction: (1) judicial economy, (2) convenience, (3) fairness, and (4) comity. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In this case, all relevant factors weigh in favor of declining jurisdiction.

*Novel or Complex Issues of State Law*

Plaintiff and Crown have settled the federal claims alleged in the underlying action. Thus, the only claims remaining are the third party state law claims for indemnification. Contrary to Plaintiff's assertion, Plaintiff's claims are not straightforward. While the general law of

4

indemnification is well developed in Florida, Plaintiff alleges indemnification in a unique factual setting and in the context of Florida's Unfair and Deceptive Trade Practices Act, as well as, Chapter 634, Florida Statutes, governing Warranty Associations. Notably, there are few decisions from the District Courts of Appeal of Florida interpreting the relevant statutory provisions in this context. In response to the Third Party Defendants' motion, Plaintiff does not cite any Florida cases that address the claims raised in the Third Party Complaint. Where, as is here, state law is unsettled or provides inadequate guidance, state law claims are considered novel and are more appropriately resolved by Florida courts. *See Vigilant Ins.*, 362 F. Supp. 2d at 221-222 (federal courts should avoid entertaining decisions of state law, especially novel issues of state law, when no federal issues remain before the court). Accordingly, the first § 1367(c) factor weighs in favor of declining subject matter jurisdiction.

*Plaintiff's state law claims substantially predominate and all federal claims have been dismissed.*

As discussed, the only claims remaining are state law claims that bear little, if any, relation to the original federal claims asserted in the class action complaint. "Where [as here] the main federal action has been settled prior to trial, considerations of judicial efficiency and economy can no longer justify the continued exercise of federal jurisdiction over ancillary state-law claims; and considerations of comity and federalism militate in favor of dismissal." *Joiner v. Diamond M. Drilling Co.*, 677 F.2d 1035, 1043 (5th Cir. 1982).[3] "If the interests of judicial economy are no longer advanced by the retention of ancillary claims, the state law actions ought to be dismissed."

---

[3] Although *Joiner* was decided before the enactment of § 1367, this Court finds its reasoning persuasive as it was based on the Supreme Court's opinion in *Gibbs* concerning ancillary jurisdiction, which was codified in § 1367. *See* 28 U.S.C. § 1367, Commentary on 1988 Revision.

*Joiner*, 677 F.2d at 1042. These principals hold true even where here, the original federal claims were part of a class action and the remaining state claim is for indemnification. *See e.g. In re Latex Glove Products Liability Litigation*, 373 F. Supp. 2d 1205, 1206 (W.D. Wa. 2005)

*Judicial Economy, Convenience, Fairness, and Comity*

The exercise of supplemental jurisdiction is 'a doctrine of discretion, not of plaintiff's right." *In re Latex Glove*, 373 F. Supp. 2d at 1207 (citations omitted). "Federal courts have indicated a strong preference for the dismissal of pendent or ancillary claims whenever the district court disposes of the federal claims prior to trial." *Id.* (citing *United States v. Zima*, 766 F.3d 1153, 1158 (7th Cir. 1985); *accord Gibbs*, 383 U.S. at 726.

In this case, the factors of judicial economy and fairness do not weigh in Plaintiff's favor. Extensive proceedings on Plaintiff's ancillary claims have not yet been conducted in federal court and in turn, Plaintiff will suffer little prejudice, if any, by filing the action in state court. Likewise, Plaintiff will suffer no undue inconvenience as he originally filed the underlying class action in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

While Plaintiff attempts to make much of the fact that he was permitted to file the Third Party Complaint, he offers no concrete reason why he or more importantly, the class, will be prejudiced by having a state court determine his state law claims. Neither has Plaintiff demonstrated special circumstances which would justify this Court retaining jurisdiction over the state law claims, such as a statute of limitations issue. While in connection with his motion to amend Plaintiff represented that the statute of limitations may preclude the filing of the third party claims outside this litigation, he fails to address the argument in response to Third Party Defendants' motions to dismiss and has cited no authority for that proposition. According to Florida law, there is no statute of limitations

issue because a cause of action for indemnification does not accrue until the amounts for which indemnification is sought are paid. *See Dominion of Canada v. State Farm Fire and Cas. Co.*, 754 So. 2d 852, 855 (Fla. 2d DCA 2000) (citing *Scott & Jobalia Const. Co., Inc. v. Halifax Paving, Inc.*, 538 So.2d 76, 79 (Fla. 5th DCA 1989)) (holding that four-year limitation period on indemnification claim does not commence until the party seeking indemnification has paid a judgment, or has made a voluntary payment of its legal liability to an injured party), *approved,* 565 So.2d 1346 (Fla.1990); *see also Allstate Ins. Co. v. Metropolitan Dade County*, 436 So. 2d 976, 978 (Fla. 3d DCA 1983) ("... [it is a] well established principle that in indemnification actions, the statute of limitations does not begin to run until the indemnitee pays on an obligation") (citing *Employers' Fire Ins. Co. v. Continental Ins. Co.*, 326 So. 2d 177 (Fla. 1976)).

Moreover, this Court's decision to permit Plaintiff to file a Third Party Complaint in no way restricts it from declining supplemental jurisdiction at this juncture. "A court may decline supplemental jurisdiction at any stage of the litigation and the fact that it may have previously exercised such jurisdiction is not a bar to later relinquishing it." *In re Latex Glove*, 373 F. Supp. 2d at 1207-08 (citing *Innovative Home Health Car, Inc. V. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1287 (8th Cir. 1998)).

Simply put, there is no longer a reason to consolidate the two actions now that judgment has been entered on Plaintiff's federal class action claims. *See Gibbs*, 383 U.S. at 726, n. 15 ("Needless decision of state law should be avoided . . . as a matter of comity."). This Court may retain jurisdiction over the implementation of the Settlement Agreement in the underlying class action and effectively protect the interests of the class settlement without reaching the merits of Plaintiff's independent state law claims for indemnification against the Third Party Defendants. Accordingly

it is,

**ORDERED** that Third Party Defendants Voyager Property and Casualty Insurance Company and Voyager Service Programs, Inc.'s Dispositive Motion to Dismiss First Amended Third-Party Complaint (Dkt. 352) and Third-Party Defendant Pro-Tec Dealer Services, Inc.'s Motion to Dismiss First Amended Third-Party Complaint (Dkt. 354) are GRANTED. This Court declines to retain supplemental jurisdiction over Plaintiff's state law claims. The First Amended Third Party Complaint is **DISMISSED** without prejudice.

**DONE AND ORDERED** in chambers this 19th day of June, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record